FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2013 APR -3  PM 1: 46

------------------------------------------------------------x

JAMES VEGA,

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

                                    Plaintiff,

COMPLAINT

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
JOHNMARK DUCHARME (Shield # 30143) and
POLICE OFFICER JANE DOE,

CV 13
JURY DEMAND

1827

WEINSTEIN, J.

                                    Defendants.

GOLD, M.J.

------------------------------------------------------------x

James Vega (hereinafter "plaintiff"), by his attorney(s) The Law Offices of Wale

Mosaku, P.C., complaining of the defendants THE CITY OF NEW YORK, POLICE

OFFICER JOHNMARK DUCHARME (Shield # 30143) and POLICE OFFICER JANE

DOE (hereinafter collectively referred to as "the Defendants"), upon information and

belief, alleges as follows:

<u>NATURE OF THE ACTION</u>

1.      This is an action at law to redress the deprivation of rights secured to
the plaintiff under color of statute, ordinance, regulation, custom,
and/or redress the deprivation of rights, privileges, and immunities
secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth
Amendments to the Constitution of the United States, and by Title 42
U.S.C. § 1983 [and §1985], [and arising under the law and statutes of
the State of New York].

<u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C.
Section 1983, 28 U.S.C. Section 1343, 28 U.S.C. Section 1331, and
under the Fourth, Fifth, Sixth and Fourteenth Amendments to the
United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the
Eastern District of New York, venue is proper in this district pursuant
to 28 U.S.C. §1391 (b) and (c).

<u>SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT</u>

4.      All conditions precedent to the filing of this action have been complied with. On August 23, 2012, within ninety days after the claims alleged in this complaint accrued, a written notice of claim, sworn to by the plaintiff's representative, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. The plaintiff's claim was assigned the number 2012PI021985 by the City of New York's Comptroller's office.

5.      At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

6.      This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

## THE PARTIES

7.      Plaintiff is a citizen of the United States, resident in Kings County, New York State. Plaintiff is an African-American male of full age.

8.      At all relevant times, defendants POLICE OFFICER JOHNMARK DUCHARME (Shield # 30143) and POLICE OFFICER JANE DOE (hereinafter "defendant officers") were law enforcement officers employed by the Police Department of the City of New York ("NYPD").

9.      At all relevant times, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and the NYPD.

10.       At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was the employer of the defendant officers through its Police Department, specifically the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

11.       Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.       On or about May 29, 2011, at approximately 11:00 p.m., the plaintiff and some friends and/or acquaintances (all Hispanic and/or African American males) were on the sidewalk of 11th Street Avenue, at or close to its intersection with Wythe Avenue in Brooklyn, New York, County of Kings ("subject location").

13.       At the above-referenced time, the plaintiff and his friends and acquaintances were approximately 20 feet from the entrance to a musical concert that was taking place at the time. Almost every other person in the vicinity was Caucasian.

14.       The plaintiff was suddenly accosted by Police Officer Johnmark Ducharme (Shield # 30143) (a Causacian male), when said officer (who was attired in Mufti) grabbed the plaintiff and asked him for "Nitris Track".

15.       The plaintiff asked Police Officer Johnmark Ducharme what he was talking about, following which Police Officer Johnmark Ducharme asked the plaintiff and his friends and/or acquaintances for identification.

16.       Not realizing at that juncture that Police Officer Johnmark Ducharme was a police officer, the plaintiff responded by asking Police Officer Johnmark Ducharme who he was. Police Officer Johnmark Ducharme responded by saying "I'm a fucking cop arsehole".

17.    It was at that juncture that Police Officer Jane Doe (an African American female) arrived at the scene.

18.    The plaintiff then presented the defendant officers with identification.

19.    The defendant officers then "ran" the plaintiff's name, whereupon they arrested the plaintiff, and transported to him to a police precinct.

20.    When the plaintiff inquired as to the reason for his arrest, the defendant officers informed the plaintiff that he had an outstanding warrant for his arrest. The plaintiff protested that there was no warrant for his arrest.

21.    The defendant officers then showed the plaintiff a document that indicated that there was a warrant outstanding for the arrest of a "James Vega", whose date of birth was indicated as February 26, 1976.

22.    The plaintiff immediately informed the defendant officers that his date of birth was August 4, 1979, and that they had the wrong person. Nevertheless, the plaintiff was then fingerprinted and photographed.

23.    The plaintiff was subsequently transported to "Central Booking", situated within the Kings County Criminal Courthouse located at 120 Schermerhorn Street, where he was fingerprinted and photographed again.

24.    On May 30, 2012, at approximately 11:30 p.m., the plaintiff was arraigned before a Judge at the Kings County Criminal Court, where he learned that he had been charged with the offense of "Disorderly Conduct" [P.L. 240.20(1)].

25.    Specifically, within the criminal complaint[1], Police Officer Johnmark Ducharme alleged that he had observed the plaintiff and other persons "yelling and cursing at each other on a public sidewalk, while blocking said sidewalk", and that he had "observed a number of individuals having to walk around the defendant and other (sic) to get by". Police Officer Johnmark Ducharme also alleged that "the above-

_____

[1] Another person named Julio Arroyo was also charged in the same complaint.

mentioned actions of the defendants and others cause (sic) a crowd to gather".

26.    Said allegations were completely untrue, utterly false, fabricated and contrived.

27.    Upon arraignment, the matter was adjourned in contemplation of dismissal. The plaintiff was released from custody at approximately 01:30 a.m. on May 31, 2012,

28.    The case was dismissed on November 29, 2012.

29.    The Kings County Criminal Court Docket number was "2012KN044104".

### CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

30.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 29 of this complaint as though fully set forth herein.

31.    The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

32.    As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

33.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

34.    The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

35.     This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

### CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

36.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 35 of this complaint as though fully set forth herein.

37.     Prior to and following the plaintiff's arrest, the defendant officers searched and/or caused the plaintiff and/or his property to be searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

38.     As a result of the foregoing, the plaintiff was subjected to illegal and improper searches.

39.     The foregoing unlawful searches violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

40.     As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

### CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

41.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42.     Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

43.     Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

44.     As a consequence of the defendant officers' individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

<u>CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE</u>

45.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

46.     Each defendant officer created false evidence against the plaintiff.

47.     Each defendant officer forwarded false evidence and false information to the prosecutors in the King's County District Attorney's office.

48.     Each defendant officer was directly involved in the initiation of criminal proceedings against the plaintiff.

49.     Each defendant officer lacked probable cause to initiate criminal proceedings against the plaintiff.

50.     Each defendant officer acted with malice in initiating criminal proceedings against the plaintiff.

51.     Each defendant officer was directly involved in the continuation of criminal proceedings against the plaintiff.

52.     Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiff.

53.     Each defendant officer acted with malice in continuing criminal proceedings against the plaintiff.

54.     Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceeding.

55.     Each defendant officer misrepresented and falsified evidence to the prosecutors in the King's County District Attorney's office.

56.     Each defendant officer withheld exculpatory evidence from the prosecutors in the King's County District Attorney's office.

57.     Each defendant officer did not make a complete statement of facts to the prosecutors in the King's County District Attorney's office.

58.     By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

59.     As a consequence of the defendant officers' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

## CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST, FALSE IMPRISONMENT AND UNLAWFUL SEARCH PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEW YORK STATE CONSTITUTION

60.    By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61.    The above-described respective false arrest, false imprisonment, unlawful search, detention and malicious prosecution of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest, summary punishment, and subsequent detention.

62.    As a result of the above-described assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and prosecution, the plaintiff was caused to suffer loss of liberty, serious personal injuries, humiliation, great mental and physical anguish, embarrassment and scorn among those who know him; was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

63.    Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendant officers, individually and severally.

64.    The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

65.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66.    The defendant officers arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

67.     The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

68.     The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

69.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal vice transactions;

b. manufacturing evidence against individuals allegedly involved in illegal vice transactions;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

70.     The aforesaid event was not an isolated incident.  The City and its police commissioner has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

71.     For example, the well documented failures of the Civilian Complaint
Review Board ("the CCRB"), a City agency, to substantiate
obviously meritorious citizen complaints have gone uncorrected. The
CCRB regularly finds complainants lack credibility based on the fact
that such complainants have also brought lawsuits to remedy the
wrongs they have experienced, a practice that often results in not
substantiating the most serious charges brought to them. In addition,
the CCRB virtually never initiates their own findings of false
statements against officers who have made false statements to the
CCRB in their own defense, nor do they initiate findings that officers
have failed to report their fellow officers' misconduct; thus, officers
have no real incentive to come forward, or to testify truthfully at the
CCRB. The CCRB has no enforcement mechanisms once making a
finding against an officer; it can only make recommendations to the
NYPD, once finding misconduct by an officer.

72.     The NYPD, once receiving a substantiated complaint by the CCRB,
fails to adequately discipline officers for misconduct. The NYPD
Department Advocate, which is endowed with the responsibility of
following up on substantiated CCRB charges, is understaffed and
under-utilized. Furthermore, in the extraordinarily rare event, such as
the matter at bar, that the CCRB substantiates a complaint and the
Department Advocate proves the case in an internal trial against an
officer, the police commissioner still maintains the power to reduce
the discipline against such an officer, which has been done on many
occasions.

73.     Further, the City and its police commissioner have no procedure to
notify individual officers or their supervisors of unfavorable judicial
review of their conduct. Without this notification, improper search
and seizure practices and incredible testimony go uncorrected.

74.     Additionally, according to a report of the New York City Bar
Association issued in 2000, the City and Kelly have isolated their law

department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

75.    The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

76.    Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of <u>Jose Colon v. City of New York</u>, et al (09-cv-8) and <u>Maximo Colon v. City of New York</u>, et al (09-cv-9), wherein the Court stated, *inter alia,* that *"Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department"*, and that *"there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged"*.

77.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a)     The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b )    The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c)     The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

78.     As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

79.     The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

80.     The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

81.     The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The

individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1.    For compensatory damages against all defendants in an amount to be proven at trial;

2.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3.    For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4.    For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      April 1, 2013

LAW OFFICES OF WALE MOSAKU, P.C.

By:

Wale Mosaku (AM5872)
Attorney for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994